In the Matter of CHARLES W. BECK, JR., an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 24, 1989

### APPEARANCES OF COUNSEL

*Gary L. Casella (Gary D. Egerman* of counsel), for petitioner.

*Drake, Sommers, Loeb, Tarshis & Catania, P. C. (Bernard J. Sommers* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the practice of law by the

Appellate Division of the Supreme Court in the Fourth Judicial Department on December 9, 1963.

In this proceeding the Special Referee sustained three charges of professional misconduct against the respondent. The first charge alleged that the respondent engaged in an impermissible conflict of interest when he represented both a husband and wife in a matrimonial matter. The husband and wife agreed that the legal fee would be divided equally between them and a separation agreement was prepared and executed. A year later, the respondent wrote to the husband indicating that he was finalizing the uncontested divorce and the respondent then negotiated certain amendments to the separation agreement. Ultimately, the respondent advised the husband to seek independent counsel but he continued his representation of the wife. The respondent had entered into an intimate social relationship with the client's wife while giving legal counsel to both parties.

A second charge was not sustained by the Special Referee.

The third and fourth charges allege that the respondent failed to cooperate with the petitioner Grievance Committee in its investigation of two different complaints. In each case the respondent ignored letters sent to him by regular mail and by certified mail, return receipt requested, making it necessary to compel respondent's appearance by subpoena.

The petitioner moves to confirm in part and disaffirm in part the report of the Special Referee and respondent cross-moves to confirm in part and disaffirm in part.

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The respondent is guilty of the misconduct outlined above. The petitioner's motion to confirm in part and disaffirm in part is granted to the extent that it seeks to sustain charges one, three and four and it is otherwise denied. The respondent's cross motion to disaffirm the sustaining of these three charges is denied and is otherwise granted.

In determining an appropriate measure of discipline to be imposed, we believe it is significant to note the prior admonition of the respondent for neglect and failure to cooperate with the Grievance Committee. Accordingly, the respondent should be, and hereby is, suspended from the practice of law for a period of one year commencing June 1, 1989, and until the further order of this court.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and KUNZEMAN, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the findings of the Special Referee is granted to the extent that it seeks to sustain charges one, three and four, and is otherwise denied; and it is further,

Ordered that the respondent's cross motion to confirm in part and disaffirm in part the findings of the Special Referee is denied to the extent that it seeks to disaffirm the sustaining of charges one, three and four, and is otherwise granted; and it is further,

Ordered that the respondent, Charles W. Beck, Jr., is hereby suspended from the practice of law for a period of one year, commencing June 1, 1989, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement after the expiration of the said period of one year upon furnishing satisfactory proof: (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and re-signed attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that, pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent, Charles W. Beck, Jr., is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney or counselor-at-law.